IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES
DISTRICT OF NEW MEXICO

98 SEP 11 PM 4: 02

*[signature]*
CLERK-ALBUQUERQUE

JESSE MOLINA, as Personal Representative of
FRANKIE SIERRA, deceased, and on behalf
of the Estate of FRANKIE SIERRA, and
REBECCA MOLINA as Mother and
Next Friend of RAMON SIERRA, a minor,

    Plaintiffs,

v.                  CIV 98 1108 LH

THE CITY OF SILVER CITY, NEW MEXICO
THE SILVER CITY POLICE DEPARTMENT,
OFFICER PAUL WESSON, in his official and     **JOE H. GALVAN**
individual capacity, OFFICER PAUL MONTES,
in his official and individual capacity,
OFFICER SAM RODRIGUEZ, in his official and
individual capacity, Emergency Response
Worker JOHN DOE 1 in his individual and official
capacity, and Emergency Response Worker JOHN DOE 2,
in his individual and official capacity.

    Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## AND WRONGFUL DEATH

COME NOW the Plaintiffs, Jesse Molina, as personal representative of Frankie Sierra and on behalf of the estate of Frankie Sierra, deceased, and Rebecca Molina as mother and next friend of Ramon Sierra, a minor, by and through their attorneys, Jerry A. Walz, Walz and Associates, and Thomas F. Stewart, and pray the Court to award damages against the Defendants for violation of civil rights, wrongful death and loss of guidance and counseling. Plaintiffs state:

1

## I.  JURISDICTION AND VENUE

1.  Plaintiffs bring this action pursuant to 42 U.S.C. § 1983.  Jurisdiction and venue and are proper pursuant to 28 U.S.C. § 1331.  Acting under color of law, Defendants deprived the Plaintiffs' decedent of substantive and procedural due process in violation of Plaintiffs' decedent's rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.  Defendants also deprived Plaintiffs' decedent of his rights to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants also violated Plaintiffs' decedent's right to equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

2.  The Court has supplemental jurisdiction over Plaintiffs' state law claims for wrongful death and for loss of guidance and counseling pursuant to 28 U.S.C. § 1367(a), because the claims are so related to the federal claims that they form part of the same case and controversy.

## II.  PARTIES

3.  The deceased, Frankie Sierra, was a resident of Silver City, New Mexico and is being represented by the duly recognized Personal Representative of his Estate, Jesse Molina, who is a resident of California.

4.  Rebecca Molina is a resident of California and is acting as next friend to Ramon Sierra, a minor, also a resident of the California.  Ramon Sierra is the only child of Frankie Sierra, deceased.

5.  Defendants Paul Wesson, Paul Montes and Sam Rodriguez were, at all relevant times, law enforcement officers employed the City of Silver City, New Mexico.

6. Upon information and belief, Defendants John Doe 1 and John Doe 2 were at all relevant times employed by the City of Silver City as emergency response workers.

7. At all times material to this Complaint, Defendants were acting within the scope of their employment and under color of state law.

8. Defendant City of Silver City, New Mexico, is a duly established municipality under the laws of the State of New Mexico.

### III.   FACTUAL BACKGROUND

9. On June 30, 1997, at approximately 7:40 p.m., plaintiff's decedent, Frankie Sierra, was observed outside his residence, located at 609 C Street, Silver City, New Mexico. According to a witness, he was not wearing his clothes and was acting strangely.

10. Neighbors called the Silver City Police Department about Mr. Sierra's odd behavior.

11. The Silver City Police Department dispatched Officers Paul Montes, Paul Wesson and Sam Rodriguez to the Sierra residence.

12. Officer Rodriguez first responded to Mr. Sierra's residence. Initially, Mr. Sierra went inside his house and then returned outside, appropriately clothed, and engaged in a discussion with Officer Rodriguez. Officers Montes and Wesson also responded to the Sierra residence.

13. Mr. Sierra terminated the discussion with Officer Rodriguez by walking away from him and leaving the yard. Mr. Sierra then broke into a run after Officer Montes put his hand on Mr. Sierra's arm in an attempt to stop him.

14. Officers Rodriguez, Wesson and Montes engaged in a foot pursuit of Mr. Sierra catching him approximately one-half block from his residence.

3

15. Officer Rodriguez tackled Mr. Sierra from behind. Mr. Sierra fell face down with Officer Rodriguez falling on top of him. At no time was Mr. Sierra armed with any type of weapon.

16. At the time Mr. Sierra was tackled and when deadly force was applied, Mr. Sierra was unarmed, not under arrest and was not threatening harm to himself or others.

17. While Mr. Sierra was in a prone position, Officer Wesson attempted to control Mr. Sierra by using a carotid chokehold on him and by also placing his knee on the back and/or side of Mr. Sierra's neck. All three Defendant officers participated in the physical restraint of Mr. Sierra.

18. Emergency Medical Workers responded to the scene. Emergency Medical Worker John Doe 1 assisted the Defendant officers while they were choking Mr. Sierra by taping Mr. Sierra's feet together. Both Emergency Medical Workers John Doe 1 and John Doe 2 failed to provide timely and adequate medical care to Mr. Sierra and conspired with the Defendant Officers to deprive Mr. Sierra of his constitutional rights.

19. As a result of the carotid chokehold and the force being applied to Mr. Sierra by the Defendants, Mr. Sierra vomited, ceased breathing and ceased struggling. He was taken to the Gila Regional Medical Center where attempts to revive Mr. Sierra were unsuccessful. He was pronounced dead at approximately 8:54 p.m., June 30, 1997.

20. The officers claim they intended to take Mr. Sierra into protective custody for the misdemeanor offense of indecent exposure. Had Mr. Sierra lived, he would have been charged with no felony offense. None of the Defendant officers wrote an offense and incident report involving the death of Mr. Sierra. Furthermore, the medical reports and records regarding the incident are incomplete.

21. The use of the carotid chokehold is in contravention of all known and established police practices and procedures. Not writing an offense and incident report for a call which involved the death of a suspect who was not even under arrest by law enforcement officers contravenes all known and established police practices and procedures.

22. Defendant City of Silver City's Police Department either had insufficient standard operating procedures involving the restraint of struggling individuals or they improperly trained the officers in how to control individuals.

23. The State of New Mexico Office of the Medical Investigator ("OMI") listed as a cause of death "cardiac arrhythmia during physical restraint and methamphetamine intoxication with agitated delirium." The OMI further opined that a contributing cause of Mr. Sierra's death was "the partial weight of an officer on his back/neck."

24. Mr. Sierra was 27 years of age when he died and had no prior felony convictions.

## IV. FIRST CAUSE OF ACTION
### (Deprivation of Due Process)

25. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

26. Mr. Sierra had substantive due process interest in his life and liberty pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

27. The Defendants deprived Mr. Sierra of his liberty and his life without justification. This deprivation of his substantive due process rights was arbitrary and capricious.

5

28. Mr. Sierra's substantive due process interest gave rise to a right to procedural due process.

29. The actions of the Defendants deprived Mr. Sierra of his substantive due process rights without the procedure to which he was entitled under the laws of New Mexico.

30. The actions of the Defendants, individually and collectively, were "shocking to the conscience."

31. As a result of the unconstitutional acts of the Defendants Mr. Sierra lost his life.

32. The actions of the Defendants were also willful, wanton, reckless and malicious.

### V.    SECOND CAUSE OF ACTION
### (Unlawful Search and Seizure)

33. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

34. Mr. Sierra has a constitutional right to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

35. The actions of the Defendants constituted an unreasonable "seizure" of Mr. Sierra's person in violation of his Fourth and Fourteenth Amendment rights.

36. The actions of the Defendants were without justification.

37. As a result of the unconstitutional acts of the Defendants Mr. Sierra lost his life.

38. The actions of the Defendants were also, wanton, reckless and malicious.

### VI.   THIRD CAUSE OF ACTION
### (Violation of Equal Protection)

39. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

40. The above-described actions of the Defendant constituted an orchestrated campaign of violence directed against Mr. Sierra out of sheer malice.

41. This official conduct on the part of the Defendants was motivated by personal animosity toward Mr. Sierra.

42. The official conduct on the part of the Defendants toward Mr. Sierra constitutes disparate treatment. Mr. Sierra was singled out for adverse, disparate treatment in comparison with other similarly situated persons.

43. As a result of the unconstitutional acts of the Defendants Mr. Sierra lost his life.

44. There was no rational basis for this disparate treatment.

45. The actions of the Defendants were malicious, willful, wanton and reckless.

## VII. FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

46. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

47. The Defendants conspired with themselves and others to deprive Mr. Sierra of his constitutional right to equal protection of the laws in violation of 42 U.S.C. § 1985.

48. As a result of the conspiracy, Mr. Sierra lost his life.

49. The actions of the Defendants were malicious, willful, wanton and reckless.

## VIII. FIFTH CAUSE OF ACTION
### (Negligent, Hiring, Training and Supervision)

50. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

51. At all time material to the Complaint, the individual Defendants were employed by the municipality of Silver City, New Mexico and were acting under color of state law.

52. The allegations as set forth in the above paragraphs and in particular those allegations set forth in paragraphs 19, 20 and 21 are indicative of gross negligence in the training, supervision and hiring of the Silver City Police Department.

53. The policies and customs of the Silver City Police Department led to a conscience disregard on the part of the individual Defendants and their supervisors for the constitutional rights of others. These policies and customs constituted deliberate indifference and reckless disregard on the part of the Silver City Police Department for the constitutional rights of others.

54. The policies and customs of the Silver City Police Department led to negligent hiring of individuals with violent and anti-social tendencies. These policies and customs constituted deliberate indifference and reckless disregard on the part of the Silver City Police Department for the constitutional rights of others.

55. The policies and customs of the Silver City Police Department led to negligent training of officers in methods of safely arresting a suspect. These policies and customs constituted deliberate indifference and reckless disregard on the part of the Silver City Police Department for the constitutional rights of others.

56. The policies and customs of the Silver City Police Department prompted the excessive force on the part of the individual Defendants and caused the premature death of Mr. Sierra. These policies and customs constituted deliberate indifference and reckless disregard on the part of the Silver City Police Department for the constitutional rights of others.

57. The policies and customs of the Silver City Police Department and the resulting negligence on the part of those administering the policies and customs were "shocking to the conscience."

58. As a result of the negligent hiring and supervision and training on the part of the Silver City Police Department, Mr. Sierra lost his life.

59. The actions of the Defendants were malicious, willful, wanton and reckless.

### IX. SIXTH CAUSE OF ACTION
### (Wrongful Death)

60. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

61. The State of New Mexico recognizes a statutory cause of action for wrongful death. NMSA § 41-2-1 1978 (Repl. Pamp. 1996), and vests such rights in a duly recognized personal representative of the deceased.

62. The State of New Mexico allows suits for wrongful death against municipal police agencies in the State Courts of New Mexico pursuant to the New Mexico Tort Claims Act, NMSA § 41-4-12 1978 (Repl. Pamp. 1996).

63. Pursuant to the above statutes and the private cause of action created thereof, Plaintiffs bring suit against the Defendants for the wrongful death of Frankie Sierra. The actions and omissions of the Defendants, both negligent and intentional, proximately caused the premature, wrongful death of Mr. Sierra.

64. The actions of the Defendants were malicious, willful, wanton and reckless.

### X. SEVENTH CAUSE OF ACTION
### (Loss of Guidance and Counseling)

65. Plaintiffs reallege and incorporate by reference the allegations contained in the above paragraphs. Plaintiffs further allege:

66. Plaintiff's decedent, Frankie Sierra, had one biological child, Ramon Sierra, a minor.

67. The common law of New Mexico recognizes as ancillary to the wrongful death statute, NMSA § 41-2-1 1978 (Repl. Pamp. 1996), a cause of action on behalf of minor children for loss of guidance and counseling. *Romero v. Byers*, 117 N.M. 422, 424, 872 P.2d 840, 842 (1994).

68. Due to the unconstitutional and unlawful acts and omissions of the Defendants, Ramon Sierra, a minor, lost his father.

69. The actions of the Defendants were malicious, willful, wanton and reckless.

## PRAYER FOR RELIEF

As a direct and proximate result of the unlawful and unconstitutional acts and omissions of the Defendants, the Plaintiff's decedent lost his life, and Plaintiffs are entitled to damages.

WHEREFORE, the Plaintiff prays the Court for the following relief:

1. For compensatory damages against the Defendants;

2. For punitive damages against the Defendants;

3. For fair and just damages representing the loss of guidance and counseling on behalf of Ramon Sierra against the Defendants;

4. For post and pre-judgment interest;

5. For costs, including attorneys' fees, pursuant to 42 U.S.C. § 1988;

6. For any other relief the Court deems just and proper.

Respectfully submitted,

_____
JERRY A. WALZ
Walz and Associates
Attorney for Plaintiff
3939 Osuna Road N.E. Ste. 322
Albuquerque, N.M. 87109
(505) 344-4848

Thomas F. Stewart
By: /s/
_____
THOMAS F. STEWART
Attorney for Plaintiff
P.O. Box 3046
Silver City, NM 88061-3046
(505) 538-5353